

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 23 1999

JAMES W McCORMACK, CLERK
By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.     No.   B-C- 99101

MARY M. THOMAS, Spouse of
WILLIE L. THOMAS, Deceased;
PINEDALE NURSING &
REHABILITATION CENTER; and
GREG BRUTON

This case assigned to District Judge __Moody__
and to Magistrate Judge __Young__

## COMPLAINT

Comes now the United States of America, plaintiff, acting by and through the U.S. Department of Agriculture, Rural Development, formerly Farmers Home Administration, represented herein by the United States Attorney for the Eastern District of Arkansas, for its cause of action alleges:

1. This is an action to foreclose a mortgage upon certain real property located in Jackson County, Arkansas. Jurisdiction is predicated on 28 U.S.C. Section 1345.

2. To obtain a rural housing loan to purchase the property which is the subject of this cause of action, Willie L. Thomas and Mary M. Thomas, executed and delivered to the United States of America, U.S. Department of Agriculture, Rural Development, formerly known as Farmers Home Administration, their promissory note dated April 23, 1986, in the original principal sum of $30,560.00, bearing interest at the rate of 9-1/2% per annum and payable in monthly installments. The United States of America, is the owner and holder of said note, a copy of which is attached

DOCUMENT NUMBER
JAMES W. McCORMAC
CLERK OF COURT

as Exhibit A.

3. To secure payment of the above described note, Willie L. Thomas and Mary M. Thomas, executed, acknowledged and delivered to the United States of America, U.S. Department of Agriculture, Rural Development, formerly know as Farmers Home Administration, a mortgage conveying the following described real property in Jackson County, Arkansas, together with all improvements and appurtenances thereon:

> Lot Eleven (11), Block Two (2), of Hulen's Second Addition to the City of Tuckerman, Arkansas, being a part of the North Half of the Southeast Quarter of the Northeast Quarter of Section 33, Township 13 North, Range 2 West.

4. The above-described mortgage was recorded in the records of the Circuit Clerk and Recorder of Jackson County, Arkansas, on April 23, 1986, in Book 211 at page 335. The United States of America, is the owner and holder of said mortgage, a copy of which is attached hereto as Exhibit B.

5. Willie L. Thomas is deceased. The said Rural Development borrower died intestate and no probate proceedings have been instituted.

6. The payments due on the above-described promissory note executed by Willie L. Thomas, now deceased, and Mary M. Thomas, are in default and Rural Development has had to pay the taxes due on the above-described real property. In accordance with the terms of the above-described note and mortgage, Rural Development has accelerated the maturity of all principal and interest and demanded payment on the entire indebtedness due on the above-described promissory note. Despite demand, Mary M. Thomas has

failed and refused to pay. All conditions precedent to the institution of foreclosure suit have been performed or have occurred.

7. There is now due and owing to the United States of America, on the above-described note executed by Willie L. Thomas, now deceased, and Mary M. Thomas, unpaid principal in the sum of $22,348.96, interest in the sum of $2,966.59, accrued through June 2, 1999, and interest accruing thereafter at 9.50% per annum.

8. The defendants received interest credit subsidy from plaintiff. Interest credit in the sum of $13,740.00 and principal reduction attributed to subsidized interest in the sum of $9,015.34 are subject to recapture.

9. Defendant Pinedale Nursing & Rehabilitation Center may have or claim an interest in the above-described property by virtue of a judgment against Mary Thomas in the sum of $5,271.00, plus interest and costs, recorded in the records of Jackson County, Arkansas, on June 15, 1998, in Book HH at page 456. Whatever interest said defendant may have or claim in or to the above-described property is subordinate and inferior to the plaintiff's mortgage.

10. Defendant Pinedale Nursing & Rehabilitation Center may also have or claim an interest in the above-described property by virtue of a Sheriff's Execution Deed dated October 8, 1998, and filed of record on October 13, 1998, in the records of Jackson County, Arkansas, in Book 273 at page 378. Whatever interest said defendant may have or claim in or to the above-described

property is subordinate and inferior to the plaintiff's mortgage.

11. Defendant Greg Bruton is occupying the above-described property. Any right, title or interest said defendant may have or claim in the above-described real property is subject and subordinate to the plaintiff's above-described mortgage.

WHEREFORE, plaintiff United States of America, U.S. Department of Agriculture, Rural Development, formerly Farmers Home Administration, prays for relief as follows:

(a) That the plaintiff's mortgage be declared to constitute a first lien on the above-described real property which is paramount and superior to all right, title, claim or interest of all of the defendants herein, and each of them, and all persons claiming by or through them;

(b) That the plaintiff United States of America, recover judgment *in rem* against the above-described real property for the amounts set forth above; any additional advances or recoverable charges for abstract, taxes, maintenance and protection of collateral during the pendency of this action and the costs of this action;

(c) That if the judgment awarded the United States of America, is not paid within a reasonable time fixed by the Court; that the plaintiff's mortgage be foreclosed and that the above described real property be sold at public auction under such terms and conditions as established by law or authorized by the Court, and that upon such sale, all right, title, estate, interest, including all equity and rights of redemption, dower, curtesy and homestead, held or claimed by all of the defendants

herein, and each of them, and all persons claiming by or through them, be foreclosed and forever barred;

(d)  That the proceeds of the sale of the above-described real property, after expenses of sale, be first paid and distributed to the United States of America, U.S. Department of Agriculture, Rural Development, formerly known as Farmers Home Administration, to the extent of the indebtedness owed to it;

(e)  That subsequent to such sale, the Court retain jurisdiction of this action for the purpose of issuing such orders or writs as may be required to put the purchaser at such sale in possession of the property, and;

(f)  That plaintiff recover its costs herein and have all other legal and equitable relief to which it may be entitled.

                PAULA J. CASEY
                United States Attorney

                By GWENDOLYN D. HODGE
                Assistant U. S. Attorney
                P. O. Box 1229
                Little Rock, AR  72203
                (501) 324-5342
                Bar No. 92245

Thomas, Willie J.

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**KIND OF LOAN**
Type: RH

Pursuant to:
☐ Consolidated Farm and Rural Development Act.
☒ Title V of the Housing Act of 1949.

**PROMISSORY NOTE**

STATE: ARKANSAS
COUNTY: JACKSON
CASE NO. 03-34-520261969

Date __April 23__, 19 __86__.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in __1500-C McLain, Newport, Arkansas 72112__,

THE PRINCIPAL SUM OF __THIRTY THOUSAND FIVE HUNDRED AND SIXTY AND NO/100__

DOLLARS ($ __30,560.00__ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

__NINE AND ONE-HALF__ PERCENT ( __9-1/2__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due on _____, 19___. Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II. Principal and Interest payments shall be deferred. The interest accrued to _____, 19___ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19___, through _____, 19___, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV. Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __280.00__ on __May 23__, 19 __86__, and

$ __280.00__ thereafter on the __23rd__ of each __month__

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-THREE__ ( __33__ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Position 2
Exhibit __A__

FmHA 440-16 (Rev. 11-10-75)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

REFINANCING AGREEMENT: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_/s/ Willie L. Thomas_ (SEAL)
Willie L. Thomas        (BORROWER)

_/s/ Mary M. Thomas_ (SEAL)
Mary M. Thomas          (SPOUSE)

Anthony Street, Tuckerman, AR 72473

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

☆ U.S.GPO:1980-0-665-152/29

*Position 5*

**USDA-FmHA**
Form FmHA 427-1 AR
(Rev. 8-23-84)

**PREPARER'S STATEMENT**

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

Steven G. Howard
Attorney at Law
P. O. Box 8
Newport, Arkansas 72112

## REAL ESTATE MORTGAGE FOR ARKANSAS

THIS MORTGAGE is made and entered into by __Willie L. Thomas and Mary M. Thomas,__

__each in their own right and as the spouse of the other,__

residing in __Tuckerman, Jackson__ County, Arkansas, whose post office address is __Anthony Street, Tuckerman__, Arkansas __72473__,
herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| April 23, 1986 | $30,560.00 | 9-1/2% | April 23, 2019 |

**RECORDED**
AT __4:00__ M
APR 23 '86
Book __211__
Page __535__

*DON DANIELS*
*Chancery & Circuit Clerk*
*Jackson County, Ark.*

FmHA 427-1 AR (Rev. 8-23-84)

**Exhibit __B__**

together with accrued interest that may be capitalized under the terms and provisions of said note.

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a;

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreements herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, and assign unto the Government the following property situated in the state of Arkansas, County(ies) of

JACKSON

SEE ATTACHMENT "A" FOR LEGAL DESCRIPTION

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property":

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner, comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs or recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title, or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing of complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that, the Government will not be bound by any present or future State laws, (a) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (b) prescribing any other statute of limitations, or (c) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives the statutory right of redemption.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Little Rock, Arkansas 72201, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) ~~By acceptance of this instrument, the Government acknowledges that it has obligated loan funds in the full amount of the note, $_____ of which is for the purpose of constructing, improving, or replacing buildings on the property, and the balance, if any, is for the payment of pre-existing liens, or the purchase price of the land.~~

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provisions or application, and to that end the provisions hereof are declared to be severable.

(25) And we, __Willie L. Thomas__ and __Mary M. Thomas__, husband and wife, for the consideration aforesaid, do hereby release and relinquish unto the mortgagee, its successors and assigns, all of our rights or possibilities of dower, curtesy, and homestead in and to said premises.

*In any case where this covenant is not applicable, it should be deleted.

WITNESS the hand(s) of Borrower this __23rd__ day of __April__, 19__86__.

_____
Willie L. Thomas

_____
Mary M. Thomas

### ACKNOWLEDGEMENT

STATE OF ARKANSAS  } ss:
COUNTY OF __Jackson__ }

On this the __23rd__ day of __April__, 19__86__, before me __Steven G. Howard__, the undersigned officer, personally appeared __Willie L. Thomas__ and __Mary M. Thomas__, husband and wife, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged that they had executed the same for the purposes therein contained.

WITNESS my hand and seal.

(SEAL)
My commission expires __9/1__, 19__89__    _____
                                                        Notary Public.

ATTACHMENT "A"

Lot Eleven (11), Block Two (2), of Hulen's Second Addition to the City of Tuckerman, Arkansas, being a part of the North Half of the Southeast Quarter of the Northeast Quarter of Section 33, Township 13 North, Range 2 West.